---

(Hamilton Common Pleas, October, 1893.)
AMPT v. CINCINNATI ET AL.

*Act of April 16 1883, applicable to Cincinnati water-works department—*
The provisions of the act of April 16, 1883 [80 O. L., 125], creating a board of tax commissioners apply to the water works department of the city of Cincinnati.

---

SAYLER, J.

The plaintiff brings his action as a resident of said city, and a taxpayer, etc., against the city of Cincinnati, August Herman, John Frey, J. B. Washburn and George T. Sterritt, the board of administration of Cincinnati; D. W. Brown, auditor, and Henry Ziegler, treasurer, and sets out that for over fifty years the said city of Cincinnati has been, and now is the owner of a system of water works, supplying the citizens and the city itself with water, consisting of real estate, machinery, reservoirs, water pipe laid in the streets, and a large amount of other property; that since 1879, under section 2212 of the Revised Statutes, said system of water works and all its property, and the supplying of the citizens with water and the fixing of water rents and collecting of its revenues and the disbursements of its funds, have been in the hands and under the control of the board of public works of said city and its successors in office, acting as the trustees of said water works under the statutes governing and regulating the management of water works for cities of the first class, and now are in the hands of the said board of administration; that the revenues for the year 1893 will be over $750,000, and for the months of October, November and December, 1893, from the date of filing the petition, over $187,590; all of which funds have been or will be paid into the water works fund of said city, and into the hands of the treasurer of said city; that said funds are and will be the proceeds of water rents, of building permits, and of license for street sprinkling; that the revenues thus collected by said board of administration and paid into the water works fund from January 1, 1893, to the date of the filing of the petition, to-wit, $562,500 and over, has been paid out and disbursed by the treasurer of said city upon warrants drawn by the auditor of said city for claims allowed and approved, and ordered paid by said board of administration, without ever having been authorized, ordered or sanctioned either by the board of legislation or by the board of supervisors of said city acting as a tax commission, and without any ordinance having ever been passed for the six months period ending December 31, 1893, by the board of legislation and approved by said board of supervisors acting as a tax commission, making provision therefor as required by section 2690h. 2690i, and 2690j, of Revised Statutes; that it is the intention of said board of administration to allow and order claims against the city to be paid from the funds now in the waterworks fund and which will come therein up to December 31, 1893, to the full extent of said fund, and that the auditor will draw warrants therefor, and said treasurer will pay such warrants, although no ordinance has been passed appropriating any money whatever from the waterworks fund for any purpose or for claims of any kind for the semi-annual period ending December 31, 1893; that unless the court by its injunction restrains the defendants, all the moneys now in the waterworks fund and that may have come in up to December 31, 1893, will be so disbursed and expended without the approval or sanction of said boards and without any ordinance appropriating the funds or making provision for such payment

Wherefore, to the end that the waterworks management of said city, as to disbursements, may be brought under the benign restrictions of the board of legislation and of the board of supervisors of said city, the plaintiff asks that the said board of administration may be perpetually enjoined from allowing the said auditor from drawing warrants for, and the

said treasurer from paying any money out of the waterworks fund of said city, between the date of filing the petition and December 31, 1893.

To this petition the defendants demur, on the ground that it does not state facts sufficient to constitute a cause of action.

By section 2409, of the statutes of 1880, power is given to the board of administration to manage, conduct and control the waterworks, furnish supplies, collect water rents, appoint officers, fix terms of office, and fix salaries.

Section 2413 provides that the funds collected shall be deposited with the city treasurer; and section 2414 provides that the fund shall be kept as a separate and distinct fund, subject to the order of the trustees or board, "and all orders drawn by the trustees or board on the treasurer of the corporation shall be signed by one of the trustees or board and countersigned by the clerk of the waterworks or the board of public works."

By section 2229, the revenue of the waterworks shall be expended by the board, and contracts for waterworks purposes shall be made by it only, and from said revenues the board shall pay the interest upon any bonds heretofore or hereafter issued by the city for waterworks purposes, after the expenditure of the amount raised by the current levy of taxes to pay the interest of such bonds.

Section 2412 of said statutes provides that any surplus of fund over expenditures may be used for repairs, etc.; and section 2435, provides that the expenditures shall not exceed the revenue.

The affairs of the waterworks are being administered by the board of administration in the manner set out in the petition under the powers conferred by these sections. That the powers so conferred are sufficient to authorize said board to so administer the said affairs cannot be doubted. The only question is whether these sections of the statute of 1880 are in force in Cincinnati.

By the act of April 16, 1883, (vol. 80, p. 125, O. L.,) a board of tax commissioners was provided for in Cincinnati.

By section 2690f, of said act, it is provided that the city comptroller shall furnish to the common council and to the board of tax commissioners, on or before the first Monday in April in each year, certain statements, among which is (5) a statement containing an approximate and detailed estimate of the money needed to pay all lawful expenses of the city and its several departments, offices and institutions for each twelve months following the current and succeeding fiscal year; and in calculating the amount of money needed, he shall take into account the money then in the treasury, as well as taxes collectible, etc., and all other sources of revenue of the city, and (6) a statement estimating the total percentage he deems necessary to be levied in that year to provide sufficient means for paying the city expenses for the fiscal period named in number five, and to what funds and in what proportions said levy should be apportioned. Section 2690g, provides that the board of tax commissioners and the common council shall examine and read such statements; and after the council shall have determined the percentage to be levied, the same shall be submitted to the tax commissioners, who shall approve or reject the same, or any part of the same, and any part rejected shall not become a valid levy. Section 2690h, provides that "in all cities of the first grade of the first class, the common council shall make, by the first week of each fiscal half year, detailed and specific appropriations for the several objects for which the city has to provide, apportioned to each month, of moneys known to be in the treasury or estimated to come into it during the six months next ensuing, including in their estimate the next semi-annual December collection of taxes, and all other sources of revenue, and be careful to provide in their appropriations for every legitimate city expenditure, and to apportion the means fairly and legally among such expenditures, and their action thereon they shall transmit to the board of tax commissioners for approval, amendment or rejection, as they may determine. All expenditures within the following six months shall be made in accordance with and within said appropriations. It then provides that any balance remaining over at the end of the year shall be credited back to the fund from which they were taken, and then provides for a contingent fund of $50,000, etc.

By section 2690i, as amended April 14, 1884 (81 O. L., 177), it is provided that in all cities of the first grade of the first class, to enable the city comptroller and the boards aforesaid to estimate correctly the levies and appropriations aforesaid, the authorities of all the city institutions, except boards of education, as well as every head of a department or office in the city, for whose want provision is to be made, including the trustees of the commercial hospital, shall report to the comptroller on or before the first Monday in March in each year the amount of money needed for their respective wants for the ensuing year; said estimate to be given for each month. The comptroller, as well as the boards of tax commissioners and common council, shall revise them, and if deemed proper, shall reduce them so as to prevent unneces-

sary expenditure, and to bring them within fair limits to the other expenditures required by the city." Section 2690j, as amended April 14, 1884, provides that "no liability whatever shall be created against any city of the first grade or the first class, and no expenditure shall be made for the same except for school and educational purposes, as provided for by boards of education therein, unless it be previously covered by an appropriation sanctioned both by the board of tax commissioners and common council as above provided, except for the contingent fund of $50,000 herein provided for," etc., and further provides that "all laws and parts of laws conflicting with the provisions of this act are hereby repealed. Any attempt to create a liability against such city contrary to the provisions of this act, shall be null and void."

These provisions certainly include the waterworks department. They include every department, of the city government. The exception of the board of education from the provisions of the law only makes them stronger as against all other departments.

It is true that the waterworks funds are not derived from taxation, but from water rents, but it will be noticed that the comptroller under section 2690f, (5) not only reports the probable proceeds from taxation; but all other sources of revenue to the city, and under section 2690h, the city council shall include in their estimate of the money to come in during the six months next ensuing, not only taxes, but also all other sources of revenue. These words would clearly indicate the funds arising from water rents.

It is claimed that as the waterworks fund is not raised by taxation, this law does not apply.

The law legislates, not only as to the raising of funds, but also as to the expenditures of funds; it takes in consideration and legislates as to funds derived from all sources, from taxation as well as other sources, and regulates the expenditures of all such funds. This would seem to include the funds derived from water rents, and it is as to the expenditure of the waterworks funds that the law would seem to be applicable. Taxes may be levied, however, under sections 2429 and 2430, for waterworks purposes.

These provisions are conflicting with the provisions of section 2409, et seq., under which the administration of the waterworks is placed exclusively in the hands of the board of administration, and by which said board has sole power of expenditure of the waterworks funds, without any restriction as to time or amount of expenditure, save only that it shall not expend more than the revenue derived from the rents. But to the extent they are conflicting, they are repeated by section 2690j.

It is claimed that the administration of the waterworks is of such a nature that it would be impracticable to operate them under the restrictions contained in these sections of the statutes. But, if it is plain that the tax commission law applies, and by that law the administration of the waterworks is brought under its restrictions, it is not for the court to consider questions of practicability; that is for the legislature.

The expenditure of the waterworks amount to about $800,00 a year. Perhaps it would be well to have these expenditures made under the supervision of the common council or board of legislation, its successor, and of the tax commissioners, with the further protection of the veto power of the mayor over the ordinance providing for the appropriation.

The demurrer will be overruled.

*Theodore Horstman,* for the Demurrer.
*Wm. M. Ampt,* for the Petition.

---

(Sup. Court of Cin., General Term, 1901.)
Before Jackson, Smith and Murphy, JJ.